IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DRUE WRIGHT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RESIDENTIAL ACCEPTANCE NETWORK, INC., a Utah corporation; WELLS FARGO BANK, N.A., a national association; ETITLE INSURANCE AGENCY, LLC, a Utah limited liability company; and DOES 1-10,<br><br>Defendants. | ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND INUJUNCTIVE RELIEF<br><br>Case No. 2:11-cv-00402-CW |

The Court, upon consideration of Plaintiff's motion, memorandum, and the oral arguments of counsel for Plaintiff and Defendant eTitle, finds that Plaintiff has met the requirements for issuing a Temporary Restraining Order by demonstrating that: (1) the case presents serious issues on the merits that will be the subject of further litigation; (2) Plaintiff will suffer irreparable harm if the injunction is denied and a Trustee's sale is conducted or a Trustee's Deed is recorded; (3) the threatened injury to Plaintiff significantly outweighs the harm that the temporary injunction may cause the Defendants; and (4) the injunction, if issued, will not adversely affect the public interest.

Plaintiff established that all named Defendants received notice of the hearing on Plaintiff's motion for a temporary restraining order, so this Order issues with notice to Defendants.[1]

**ORDER**

The Court HEREBY GRANTS a TEMPORARY RESTRAINING ORDER. Defendants Residential Acceptance Network, Inc., Wells Fargo Bank, N.A., and eTitle Insurance Agency, LLC are hereby enjoined from taking any action to foreclose on the property at issue in this litigation, including a foreclosure sale. The property at issue has an address of 978 East 11150 South, Sandy, Utah 84094, and a legal description of:

> Lot 25, EAGLEWOOD SUBDIVISION, according to the plat thereof as recorded in the office of the Salt Lake County Recorder.

This ORDER is effective immediately upon the conclusion of the hearing May 6, 2011 at 10:45 a.m. and expires at the conclusion of the evidentiary hearing set on this motion on May 11, 2011 at 9:00 a.m., unless extended for good cause showing or by stipulation from the Defendants.

Plaintiff is not required to post a bond at this time but may be so required at the hearing scheduled to take place on May 11, 2011.

---

[1] To the extent that this Order could be construed as being without notice, the irreparable injury here is the sale of Plaintiff's primary residence, which has been found to be irreparable. The Plaintiff stated at the hearing that he faxed notice of the hearing to all Defendants.

An evidentiary hearing on the motion for preliminary injunction scheduled on May 11, 2011 at 9:00 a.m. Plaintiff is ORDERED provide notice of this hearing to the named Defendants.

At the hearing, counsel are to address the legal issues including but not limited to, (1) whether the property subject to "Tender" in 15 U.S.C. § 16035(b) pertains to tender of the home which acts as security for the loan or to the principal of the loan, and (2) whether the loan agreement which is the subject of the above referenced action is exempt from TILA and therefore does not give rise to a right to rescind.

    IT IS SO ORDERED.

DATED this 6th day of May, 2011.

BY THE COURT:

_____

Clark Waddoups
United States District Judge