THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2011 SEP 14 P 2:18
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DRUE WRIGHT | ) | Case No. 2:11CV402 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION |
| RESIDENTIAL ACCEPTANCE NETWORK, WELLS FARGO BANK, N.A., and ETITLE INSURANCE AGENCY | ) ) ) | |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

In this case, Plaintiff Drue Wright is attempting to rescind a loan transaction that occurred on April 23, 2009. This transaction refinanced indebtedness incurred by Plaintiff on December 3, 2008, which was initially made payable to Residential Acceptance Network, Inc ("RAN") and was later assigned to Wells Fargo. Plaintiff asserts claims for rescission, negligence, and negligent misrepresentation based on the failure of RAN, the originating lender in the 2009 transaction as well, to properly disclose a finance charge on its Truth in Lending Act ("TILA") disclosures. Mr. Wright alleges that RAN understated the finance charge by $294.40. Defendant Wells Fargo has filed this Motion to Dismiss. The Court finds that each of Plaintiff's claims fail as a matter of law. The Motion to Dismiss is granted.

## II. ANALYSIS

**I. Plaintiff's Claim for Rescission Fails as the Transaction at Issue is Exempt from TILA's Right of Rescission.**

Wells Fargo Bank has set forth a thorough and compelling argument as to why Plaintiff's claim for rescission should fail. (Wells Fargo's Mem. in Sup. of Mot. to Dismiss 2-7 [Doc. #45].) In short, the refinance transaction at issue is exempt from a right of rescission under TILA. Pursuant to 15 U.S.C. § 1635(e)(2), TILA's right of rescission does not apply to "a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property." Plaintiff argues, without citation to any legal authority, that "Wells Fargo was the creditor of the 2008 transaction" because "the 'principal balance then due' on the 2008 transaction . . . was . . . due to Wells Fargo." (Pl.'s Mem. In Opp. 3.) Based on this, Plaintiff asserts that "RAN was not the 'same creditor' . . . [and the] transaction is not exempt from TILA rescission." (*Id.* At 3-4)

As defined by TILA and Regulation Z, however, RAN was the original creditor, and the same creditor, for purposes of this exemption. (15 U.S.C. § 1602(f); Reg. Z, 12 C.F.R. § 226.2(17)(I) and 12 C.F.R. Pt. 226, Supp. 1 ¶ 2(a)(17).) TILA's definition of "creditor" extends only to RAN. TILA states that "[t]he term 'creditor' refers only to a person who . . . is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(f).

The official staff commentary to Regulation Z, in defining the term "creditor," states that "the obligation must be payable to the person in order for that person to be considered a

creditor." Reg. Z, 12 C.F.R. Pt. 226, Supp 1 ¶ 2(a)(17). It goes on to explain that this term does not extend to assignees: "[i]f an obligation is initially payable to one person, that person is the creditor even if the obligation by its terms is simultaneously assigned to another person." *Id.* Even in such situation, the party to whom the obligation is initially payable "is the only creditor in the transaction." *Id.* By this definition, Wells Fargo clearly cannot be considered the creditor with respect to the 2008 Note that was refinanced.

The official staff commentary also explains which party is considered "the same creditor" for purposes of the refinancing exemption. Regulation Z explains that [t]he right to rescind does not apply to . . . . [a] refinancing or consolidation by the same creditor of an extension of credit already secured by the consumer's principle dwelling." Reg. Z, 12 C.F.R. § 226.23(f). The official staff commentary explains that the exemption extends to "refinancings (including consolidations) by the *original creditor. The original creditor is the creditor to whom the written agreement was initially made payable.*" Under this binding authority, the original creditor was RAN, and RAN did not lose that designation when the assignee of the 2008 Note became Wells Fargo. And because RAN was also the creditor in the 2009 refinancing, the right of rescission does not apply. Plaintiff has not refuted or tried to distinguish this authority.

Plaintiff asserts that his TILA claim for rescission should be allowed to stand because (1) Wells Fargo stands as an assignee to RAN's beneficial interest in the Trust Deed, and (2) TILA is meant to protect consumers. Neither of these arguments is sufficient to overcome the specific terms of TILA, outlined above. In addition, in a refinancing transaction, such as this one, a borrower requires little protection under TILA. This is because "without any significant new money, the consumer's residence [is] no more at risk after the refinancing than before, and . . .

rescission rights [are] therefore unnecessary whether the new loan was made by the same creditor or by a different one." Ralph J. Rohner and Fredrick H. Miller, *Truth in Lending* ¶ 8.02[2][c] (2000).

## II. Plaintiff's Claims for Negligence and Negligent Misrepresentation Fail as to Wells Fargo.

Plaintiff's negligence-based claims deal with the TILA disclosures that were provided at the time Plaintiff obtained his loan in April 2009. The Amended Complaint states, "RAN miscalculated and misdisclosed the finance charges and APR calculations in Plaintiff's Truth-In-Lending disclosure." (Amended Complaint, p.3.) Although Plaintiff concedes that his tort-based claims arise from RAN's alleged wrongdoing, not that of Wells Fargo, he argues that Wells Fargo, as an assignee of the indebtedness secured by the Deed of Trust, acquired liability for RAN's alleged negligence. There is no legal support for this argument. Plaintiff asserts that Wells Fargo should be liable for RAN's negligence because Wells Fargo acquired an asset from RAN–Plaintiff's indebtedness. Plaintiff has failed, however, to identify any facts that would suggest Wells Fargo also agreed to be liable for RAN's negligent acts or that Wells Fargo possessed any control over RAN at the time of those negligent acts.

Plaintiff's Negligence-Based Claims are also barred by the economic loss rule. The economic loss rule in Utah provides that when a relationship between parties is contractual, "economic damages are not recoverable in negligence absent physical damage or bodily injury." *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs. Inc.*, 28 P.3d 669. 680 (Utah 2001). This doctrine "marks the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects

4

individuals and their property from physical harm by imposing a duty of reasonable care." *Davencourt at Pilgrims Landing Homeowners Association v. Davencourt at Pilgrims Landing, LC,* 221 P.3d 234, 242 (Utah 2009) (quoting *SME*, 28 P.3d at 680). Plaintiff alleges in this case that the only relationship between Wells Fargo and Plaintiff is due to the deed of trust, (Amended Complaint ¶ 3), and the only losses are economic (*Id.* ¶¶ 31, 39). Thus Plaintiff's negligence-based claims fail as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss is hereby granted and the Complaint is dismissed with prejudice. This decision renders Plaintiff's Motion for Preliminary Injunction (Doc. #10-11) moot.

SO ORDERED.

DATED this 13th day of September, 2011.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT